IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEE BURRELL, | No. C 10-5911 JSW (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| vs. | |
| ANTHONY HEDGEPETH, | |
| Respondent. | |

This case was opened when Petitioner, a California prisoner proceeding pro se, filed a motion for "Tolling Time," in which he seeks to extend the statute of limitations in order to file a federal habeas petition in the future.

Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "Cases" and "Controversies." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). In the absence of an actual petition for a writ of habeas corpus or other civil complaint, there is no case or controversy for this Court to adjudicate. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (§ 2255 motion). Moreover, the Court cannot discern from the filing whether petitioner can meet even the most basic requirements for proceeding with a habeas petition in federal court and, in particular, in the Northern District, such as proper jurisdiction and venue. Finally, although petitioner alleges circumstances that might constitute grounds for equitable tolling of the statute of limitations, *see Miles v.*

*Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."), for the Court to decide whether equitable tolling is available in the absence of an actual petition would be to give an advisory opinion. *See Green*, 260 F.3d at 82. Petitioner may, of course, raise any grounds he may have for relief from the statute of limitations after he files a federal habeas petition.

Although, in some instances, a motion may be construed to be a habeas petition, Petitioner here has not alleged any grounds for relief, and indeed it is clear that he is not asking for relief from the conviction, but rather relief from the statute of limitations. Consequently, the motion will not be construed as a habeas petition. *See id.* at 83-84.

Accordingly, the above-entitled action is hereby DISMISSED without prejudice to petitioner's filing a petition for a writ of habeas corpus or a complaint for other relief.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: February 15, 2011

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANGEE BURRELL,

        Plaintiff,

v.

A HEDGPETH et al,

        Defendant.

Case Number: CV10-05911 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Angee Burrell
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: February 15, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk